In re RATH PACKING COMPANY, an Iowa Corporation, Debtor.

UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO, Appellant,

v.

The RATH PACKING COMPANY, Appellee.

Bankruptcy No. 83–02293.
No. 2C 84–2033.

United States District Court,
N.D. Iowa,
Central Division.

April 3, 1985.

Robert E. Funk, Jr., Washington, D.C., for appellant.

Catherine Steege, Chicago, Ill., for debtor.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

The United Food & Commercial Workers International Union (Union) brought this appeal to challenge the Bankruptcy Court's decision granting the Debtor, Rath Packing

**316**

Company, leave to reject certain collective bargaining agreements. This Court heard arguments in Des Moines, Iowa on January 18, 1985. For the reasons stated below, the decision of the Bankruptcy Court is affirmed.

On December 20, 1983, the Bankruptcy Court began to hear three days of testimony on the Debtor's application for leave to reject. On December 30, 1983, the Bankruptcy Court ruled and later, on January 12, 1984, issued a 52-page opinion setting forth its Findings of Fact and Conclusions of Law. 36 B.R. 979. The Bankruptcy Court did not have the benefit of the Supreme Court's decision in *National Labor Relations Board v. Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), at the time it entered its decision. Faced with this uncertainty, the Bankruptcy Court applied the three different legal standards which had some backing at that time. The Bankruptcy Court found for the Debtor under all three standards.

### I.

■■■ In *Bildisco*, the Supreme Court set forth the applicable standard as follows:

> [T]he Bankruptcy Court should permit rejection of a collective-bargaining agreement when under § 365(a) of the Bankruptcy Code, if the debtor can show that the collective-bargaining agreement burdens the estate, and that after careful scrutiny, the equities balance in favor of rejecting the labor contract.

465 U.S. at ——, 104 S.Ct. at 1196. The parties have taken differing legal positions about how prerejection negotiations fit into the analysis to be applied by the Bankruptcy Court. In *Bildisco*, the Supreme Court stated:

> Before acting on a petition to modify or reject a collective-bargaining agreement, however, the Bankruptcy Court should be persuaded that reasonable efforts to negotiate a voluntary modification have been made and are not likely to produce a prompt and satisfactory solution. The NLRA requires no less. Not

only is the debtor-in-possession under a duty to bargain with the union under § 8(a)(5) of the NLRA, 29 U.S.C. § 158(a)(5), *see post* at 18–19 [104 S.Ct. at 1200–1201], but the National Labor policies of avoiding labor strikes and encouraging collective bargaining, *id.*, § 1, 29 U.S.C. § 151, generally require that employers and unions reach their own agreements on terms and conditions of employment free from governmental interference. (Cites omitted). The Bankruptcy Court need step into this process only if the parties' inability to reach an agreement threatens to impede the success of the debtor's reorganization. If the parties are unable to agree, a decision on the rejection of the collective-bargaining agreement may become necessary to the reorganization process. At such a point, action by the Bankruptcy Court is required, while the policies of the Labor Act have been adequately served since reasonable efforts to reach agreement have been made. That court need not determine that the parties have bargained to impasse or make any other determinations outside the field of its expertise. *See post*, at 18 [104 S.Ct. at 1200].

*Id.*, at ——, 104 S.Ct. at 1196. In this case, the Bankruptcy Court properly considered the negotiations between the parties before acting on the application to reject. *See* Decision, pp. 44–46. At page 49 of his decision, the Bankruptcy Judge stated:

> It appears rather that both sides have fired their big negotiating guns to no avail in terms of settlement. Because the parties have been unable to negotiate a settlement, the issue of contract rejection has become ripe for decision.

The Bankruptcy Court's findings with respect to the negotiations are not clearly erroneous. Bankruptcy Rule 8013. Nor did the Bankruptcy Court apply an erroneous legal standard to those findings.

### II.

Much has been made of the scheduled increase in wage rate from $7.24 per hour

to $10.24 per hour which was to occur January 1, 1984. The Union contends that it unconditionally offered to reduce the January 1, 1984 wage rate to $8.00 per hour and to continue negotiations on a further concession package. The Union further contends that this concession on wages would have resulted in a savings to the Debtor in excess of $5 million per year. In essence, the Union is arguing that the Bankruptcy Court should have looked upon the $8.00 wage rate as a reduction from what Rath would have had to pay rather than viewing it as a pay raise which would have increased Rath's total cost by $1,824,000.00 per year.

■ This Court seriously considered whether this case should be remanded for further findings with respect to the $8.00 wage rate. However, even if the Bankruptcy Court had the power to implement the $8.00 wage rate, the record shows that the Debtor's operation still would have lost money with that rate. Also, the Debtor's failure to accept what the Union characterizes as an unconditional offer to reduce wages to $8.00 does not undermine the finding that the Debtor negotiated in good faith. The Court holds that the Bankruptcy Court sufficiently considered the $8.00 wage rate matter and remand for further consideration of that matter would serve no purpose.

### III. SUMMARY.

This Court has reviewed the decision of the Bankruptcy Court and is unable to find clear errors of fact which warrant a reversal of the Bankruptcy Court's decision. In light of the lengthy and well-reasoned decision of the Bankruptcy Court, further discussion of the issues by this Court would not be productive. The decision of the Bankruptcy Court is affirmed.

IT IS THEREFORE ORDERED that the decision of the Bankruptcy Court granting Rath leave to reject certain collective bargaining agreements is affirmed.